### ROBERT MOORE *v.* MARK SERGI ET AL.
### (12705)

DUPONT, C. J., and FOTI and SPEAR, Js.

Argued May 30—decision released August 22, 1995

*David S. Doyle,* for the appellant (plaintiff).

*Max F. Brunswick,* for the appellees (defendants).

FOTI, J. The plaintiff appeals from the judgment of the trial court, rendered on a counterclaim, awarding the defendants damages arising out of the plaintiff's conversion of the defendants' goods. The plaintiff alleges that the trial court acted improperly by (1) allowing the defendants to amend their counterclaim after the trial, (2) finding that the defendants had offered sufficient competent evidence to prove damages, (3) awarding damages that were not claimed in any of the defendants' pleadings, and (4) failing to find that

the defendants had acted unreasonably in violation of their duty to mitigate their damages. We reverse the judgment in part.

The following facts are relevant to this appeal. The plaintiff is the owner of the premises located at 35 Catherine Street, East Haven. He rented the premises on a month-to-month basis to the defendants, Mark Sergi and Joanna Sergi. On May 25, 1991, the plaintiff served the defendants with two notices to quit for nonpayment of rent. On or about June 13, 1991, the plaintiff served the defendants with a summary process writ, summons and complaint. On July 16, 1991, the defendant Joanna Sergi and the plaintiff appeared in court and entered into a stipulated judgment for a final stay of execution through August 31, 1991.[1] In the stipulation, the defendant acknowledged that she owed the plaintiff $2100, which included use and occupancy through July 31, 1991. The defendant promised to pay that arrearage plus $700 for use and occupancy through August 31, 1991, with payment to be made on or before August 10, 1991. The parties also agreed that there was a $700 security deposit. The plaintiff received $700 of the promised funds, but the defendants failed to pay the remaining $1400 of the $2100 arrearage before July 29, 1991, and did not pay $700 for any use and occupancy for the month of August.

During the last week of July, 1991, the defendants partially vacated the premises at 35 Catherine Street. During that same week, but prior to August 1, 1991, the defendants returned to the premises to clean up and remove belongings that they had left behind. On the basis of an encounter that ensued between the defendants and the plaintiff, the defendants concluded that they were prohibited from returning to the prop-

---

[1] The record is insufficient to determine whether Mark Sergi was a party to this agreement.

erty to clean the premises and to remove their belongings. On August 7, 1991, the plaintiff sought and obtained a summary process execution, and evicted the defendants.

This suit was originally brought by the plaintiff to recover back rent, damage to the premises and costs of the summary process action from the defendants. The plaintiff instituted this action by seeking a prejudgment remedy through an application filed on October 10, 1991. The defendants retained counsel, and then answered the plaintiff's complaint on July 17, 1992. On October 12, 1992, after this matter was scheduled for trial, the defendants filed a request to amend the pleadings by adding a counterclaim. This request was granted without objection at the first hearing on November 12, 1992.[2] The counterclaim alleged that the plaintiff took a large ladder that the defendants stored on the plaintiff's property and appropriated it for his own use, constituting conversion and theft. The counterclaim stated that the reasonable value of the ladder was $750. The defendants requested treble damages for the theft of the ladder.

On January 13, 1993, after both parties had rested, the defendants submitted a request for leave to amend their counterclaim in order to conform to the proof. The request alleged that the plaintiff had taken the following additional items belonging to the defendants: twenty-five light fixtures, valued at $25 each, an asbestos mask valued at $1000, a tailgate valued at $300 and a bicycle valued at $25. That same day, the trial court granted the defendants request to amend

---

[2] It should be noted that pursuant to General Statutes § 52-584 and Practice Book § 168, a defendant may interpose a counterclaim in an action for injury to person or property at any time before the pleadings are finally closed. In this case, the plaintiff initially objected to the late filing of the defendants' counterclaim but subsequently waived his objection. The trial court allowed the counterclaim to be filed.

their counterclaim. The defendants' amendment reiterated the list of goods previously delineated in their request to amend, with the exception of the asbestos mask.

The trial court awarded the plaintiff $1400 for rent arrearage, $146.40 for summary process fees and costs and $100 for damage to the premises.[3] In reviewing the counterclaim, the trial court found that the plaintiff wrongfully refused access to the defendants when they went to retrieve their belongings and was therefore liable for the damages arising from the conversion of those belongings. Moreover, the court found that the defendants met their burden of proof on the valuation of their goods and awarded the defendants $450 for the lights, $25 for the bicycle, $1000 for the asbestos mask, and $300 for the tailgate. In addition, the court found that the defendants had met their burden on the value of the ladder and had proved by clear and convincing evidence that the plaintiff had stolen the ladder. Hence, the trial court awarded treble damages for the ladder. A net judgment was rendered for the defendants in the amount of $3078.60.

I

The plaintiff first claims that the trial court abused its discretion by allowing the defendants to amend their counterclaim after the trial. On January 13, 1993, after the parties had rested, the defendants submitted a

---

[3] The trial court found that the defendants left the premises on or before August 1, 1991, intended to have their possessions removed on or before that date, and were prohibited from returning to the premises to clean up and remove their belongings. Therefore, the trial court did not award the plaintiff any August use and occupancy payments and denied the plaintiff any damages for cleaning charges. In addition, the trial court found that the plaintiff did not sustain his burden of proof for most of the claimed repairs to the premises and awarded only $100 for damage repairs. On appeal, the plaintiff does not challenge any of the trial court's findings regarding the damages awarded him.

motion to amend their counterclaim. The defendants amended their allegation of the time period during which the plaintiff's conversion of the defendants' goods had taken place from "the period of the defendants' occupancy" to "the period of the defendants' occupancy and prior to their completely vacating." The defendants further amended their counterclaim to include three more items; in addition to the previously claimed ladder, the defendants included the list of property allegedly taken by the plaintiff. In presenting the motion to amend the counterclaim, the defendants' attorney argued that because the plaintiff had barred the defendants from returning to the premises, the defendants were not aware that the items had been left behind until the trial, when they examined photographs, taken by the plaintiff, showing the outside of the premises after the period of the defendants' occupancy.[4] It was the defendants' viewing of the photographs that made them aware of those items. Moreover, he argued that the defendants did not know until the trial that there was evidence that the plaintiff had taken those items. Therefore, the defendants could not possibly have included those additional items of property in their counterclaim at an earlier time and, thus, should be allowed to amend their counterclaim. The trial court accepted this explanation and allowed the amendment.

The plaintiff argues that the trial court's allowance of the amendment to the counterclaim was an abuse of discretion. The plaintiff contends that the explanation given by the defendants as to why they did not claim damages for unretrieved goods, other than the ladder, in their original pleadings or prior to the commencement of the trial is in direct conflict with the evidence. The plaintiff avers that on December 10, 1992,

---

[4] These photographs were introduced by the plaintiff in order to establish that the defendants had left the premises in a deplorable condition.

while on the witness stand, the defendant Mark Sergi testified that he had returned to the premises after partially vacating the property specifically to retrieve certain items that he knew were there, including a ladder, a tailgate and fluorescent lights. The plaintiff recounts that the next day, Sergi testified that he knew that these materials were still on the premises, even while the plaintiff was barring him from returning to the property and recovering them. The plaintiff argues that Sergi's own testimony refutes his claim that he did not remember many of the items that had been left behind. Moreover, the plaintiff argues that when Sergi was asked why he had not previously made any claims for the unretrieved items, other than the ladder, he responded that it was his intention that the matter of the lost possessions would come out in court.

The plaintiff also argues that the explanation given by the defendants to justify the amended counterclaim was directly contradictory to the defendants' whole theory of defense, which was that they were prevented from recovering their property and cleaning the premises when the plaintiff barred them from the property. The court accepted this defense and denied the plaintiff the damages claimed for removing debris and cleaning the premises. The plaintiff argues that the court cannot simultaneously accept as a defense a claim that the defendants were prevented from recovering their property, and then accept as a justification for amending the counterclaim that the defendants did not know that they had lost property as a result of the actions of the plaintiff.

"The grant or denial of a motion to amend the pleadings is a matter within the discretion of the trial court." *Tedesco* v. *Julius C. Pagano, Inc.*, 182 Conn. 339, 341, 438 A.2d 95 (1980). In the interest of justice, our courts have generally been most liberal in allowing amendments. Id., 341; *Henry* v. *Klein*, 15 Conn. App. 496,

500–501, 545 A.2d 575 (1988). Where a sound reason to amend is shown, the trial court must allow the amendment. Refusal under such circumstances constitutes an abuse of discretion. *Cook* v. *Lawlor*, 139 Conn. 68, 71–72, 90 A.2d 164 (1952); *Clayton* v. *Clayton*, 115 Conn. 683, 686, 163 A. 458 (1932). "The essential tests are whether the ruling of the court will work an injustice to either [party] and whether the granting of the motion will unduly delay a trial." *Smith* v. *New Haven*, 144 Conn. 126, 132, 127 A.2d 829 (1956). In the final analysis, the court will allow an amendment unless it will cause an unreasonable delay, mislead the opposing party, take unfair advantage of the opposing party or confuse the issues, or if there has been negligence or laches attaching to the offering party. *Crowell* v. *Middletown Savings Bank*, 122 Conn. 362, 189 A. 172 (1937).

We conclude that it was not an abuse of discretion for the trial court to allow the amended counterclaim offered by the defendants. Where there is a variance between allegations in the complaint and the proof at trial, which is corrected by amendment to the complaint, a judgment based on an amended complaint will not be set aside unless the variance misled or prejudiced the plaintiff on the merits of the case. *Antonofsky* v. *Goldberg,* 144 Conn. 594, 599, 136 A.2d 338 (1957). In this case, the defendants requested the amendment to conform the pleadings to the proof that had been offered. It would have been entirely reasonable for the trial court to find that a variance existed between the allegations in the original counterclaim and the proof presented at trial.[5] The amendment did not mislead or prejudice the plaintiff because both the amendment and

---

[5] Our rules of practice specifically provide that in all cases of any material variance between allegation and proof, an amendment may be permitted before, during and after trial. Practice Book § 178; *Wright* v. *Coe & Anderson, Inc.*, 156 Conn. 145, 155–56, 239 A.2d 493 (1968).

the original counterclaim arose from a single group of facts claimed to have been brought about by the plaintiff's unlawful act of precluding the defendants from entering the property. The amendment merely enlarged the claim of conversion by the plaintiff to include additional belongings owned by the defendants and insignificantly altered the time period of the events. The amendment did not inject into the case anything foreign to the issues in the original counterclaim that required proof of facts the plaintiff could not meet through the normal course of the trial.

It was within the discretion of the trial court to assess the credibility of the defendant Mark Sergi's testimony. Although the parties disagreed as to what specific items, if any, Sergi knew were on the premises when he returned to finish collecting his belongings, it would have been entirely reasonable for the trial court to conclude that he was not aware of the specific items he had left behind until he viewed the photographs at trial.

Despite the plaintiff's arguments to the contrary, it was not inconsistent for the trial court simultaneously to embrace the defendants' reasons for amending their counterclaim and their defense to the plaintiff's claim related to cleaning costs. It was reasonable for the trial court to find that the defendants were barred by the plaintiff from returning to the premises. Likewise, it was reasonable for the trial court to find concurrently that the defendants knew they had left goods behind but did not remember the exact items until the time of trial.

The plaintiff cites the test given in *Antonofsky* v. *Goldberg*, supra, 144 Conn. 597, to support his claim that the trial court abused its discretion in allowing the counterclaim. In *Antonofsky*, the court held that the trier of fact is required to consider whether the delay in amending is reasonable, whether allowing the

amendment is fair to the plaintiff, and whether the moving party is negligent for failing to raise the claim earlier. Id. In this case, the defendants did not delay in amending, but did so once it became apparent that there was a variance between the proof and the pleadings, refuting any claims of negligence on the part of the defendants. Regarding the fairness to the plaintiff, the plaintiff had ample opportunity at trial, once the request was made to amend the counterclaim, to move for a continuance in the trial to defend against the added claims.[6]

On the basis of our review of the trial court record, we find that the trial court did not abuse its discretion in granting the defendants' motion to amend their counterclaim.

## II

The plaintiff claims that the trial court incorrectly found that the defendants had offered sufficient competent evidence to prove damages. The plaintiff argues that the defendants offered contradictory or subjective evidence on every item that they claimed they lost except the bicycle. He contends that the trial court speculated as to the proper amount of damages.

The plaintiff states that during the course of the trial, the defendant Mark Sergi testified that he was given the ladder in satisfaction of a $1000 debt owed him. The debtor was not produced as a witness to corroborate the value of the ladder. He also stated that he had recently purchased a similar ladder for $600. The defendants' amended counterclaim valued the lad-

---

[6] If an amendment is allowed at trial and the opponent wants to raise an abuse of discretion issue on appeal, he should immediately move for a continuance in the trial in order to defend against the new issue. In *Smith* v. *New Haven,* supra, 144 Conn. 126, because the defendant failed to move for either a postponement of the trial or a delay, the Supreme Court rejected the abuse of discretion claim.

der at $750. With regard to the tailgate, Sergi offered two monetary values, $400 and $300, and later stated that he was not certain of its value. The amended counterclaim valued the tailgate at $300. Sergi further testified that the fluorescent lights were worth $750 and later acknowledged that he had arrived at that estimate without counting the number of lights that were missing. In addition, Sergi indicated that the lights were not new and had been removed from a job site as partial payment for services performed. Evidence was not presented to show that the value of the lights was related to the services rendered. In subsequent testimony, Sergi stated that the lights were worth approximately $25 each. He arrived at this figure by calculating the price at which he would later attempt to sell the lights. The potential buyers were not specified. The amended counterclaim claimed a loss of twenty-five lights, each valued at $25. Concerning the asbestos mask, Sergi testified first that the asbestos mask was worth $1000 and later, that it was worth $5000.

The plaintiff maintains that in each of these instances the trial court improperly accepted the testimony of Mark Sergi without additional authentication, documentation or verification through receipts, witnesses, and other objective evidence. The plaintiff argues that Sergi's conflicting testimony failed to remove the question of damages from the realm of speculation and, consequently, the defendants failed to satisfy their burden of proof on the issue of damages.

The law in this state is well settled as to the competency of the owner of property to testify as to its value. "Our cases have ruled that the competence of the witness to testify to the value of property may be established by demonstrating that the witness owns the property in question. . . . The rule establishing an owner's competence to testify reflects both the diffi-

culty of producing other witnesses having any knowledge upon which to base an opinion especially where the stolen items are never recovered . . . and the common experience that an owner is familiar with her property and knows its worth." (Citations omitted.) *State* v. *Baker*, 182 Conn. 52, 60–61, 437 A.2d 843 (1980). "A party's testimony as to the value of personal property is proper even if no qualification other than ownership of it is shown." *Sachs* v. *Sachs*, 22 Conn. App. 410, 422, 578 A.2d 649, cert. denied, 216 Conn. 815, 580 A.2d 60 (1990). Although the plaintiff argues that more than the testimony of Mark Sergi is needed to substantiate the value of the defendants' property, he provides no case law, statute or rule of practice to support his proposition.

In this case, there was no disagreement between the parties that the defendants were the owners of the items listed in the amended counterclaim. The record discloses that the foundation for the value of these items was the testimony of Mark Sergi. An owner's opinion as to the value of his property goes to the weight of the testimony and not to its admissibility. *Shane* v. *Tabor*, 5 Conn. App. 363, 364–65, 497 A.2d 1047 (1985); *Perl* v. *Case*, 3 Conn. App. 111, 115, 485 A.2d 1331, cert. denied, 195 Conn. 803, 491 A.2d 1103 (1985).

"This court cannot retry the facts or pass on the credibility of the witnesses." *Griffin* v. *Nationwide Moving & Storage Co.*, 187 Conn. 405, 422–23, 446 A.2d 799 (1982). It was not unreasonable for the trial court to weigh the testimony of the defendant Mark Sergi and accept his valuation of the property. Contrary to the plaintiff's argument, the trial court may have relied on evidence other than the testimony of Sergi. The trial court had the opportunity to view photographs of the defendants' property that had been introduced into evidence by the plaintiff. These photographs could have

provided the court with additional, objective evidence of the condition, quantity and value of these goods.

We conclude that the trial court did not abuse its discretion in finding that the defendants had offered sufficient competent evidence to prove damages.

## III

The plaintiff claims the trial court improperly awarded damages that were not claimed in any of the defendants' pleadings. The defendants' request to amend their counterclaim sought to add several items allegedly converted by the plaintiff, including an asbestos mask valued at $1000. The amended counterclaim, which became a part of the pleadings, recited the same items as had the request to amend, with the exception of the asbestos mask. That item was not included in the amended counterclaim. In its memorandum of decision, the trial court awarded the defendants $1000 in damages for the conversion of the mask by the plaintiff. The plaintiff argues that the trial court improperly awarded damages for an item that was never included in the pleadings.

"Pleadings have their place in our system of jurisprudence. While they are not held to the strict and artificial standard that once prevailed, we still cling to the belief, even in these iconoclastic days, that no orderly administration of justice is possible without them." *Malone* v. *Steinberg*, 138 Conn. 718, 721, 89 A.2d 213 (1952). "The purpose of the complaint is to limit the issues to be decided at the trial of a case and is calculated to prevent surprise." *Francis* v. *Hollauer*, 1 Conn. App. 693, 694–95, 475 A.2d 326 (1984). It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations in his complaint. Id., 695; *Kawasaki Kisen Kaisha Ltd.* v. *Indomar, Ltd.*, 173 Conn. 269, 272, 377 A.2d 316 (1977); *Strimiska* v. *Yates*, 158 Conn. 179, 185, 257 A.2d 814 (1969). "A

plaintiff may not allege one cause of action and recover on another. Facts found but not averred cannot be made the basis for a recovery." *Malone* v. *Steinberg*, 138 Conn. 718, 721, 89 A.2d 213 (1952).

In this case, evidence was presented during the trial concerning the asbestos mask. "Even though the trial court had admitted evidence upon this subject, as the matter was wholly outside the issues raised by the pleadings, no judgment could have been founded upon it and the court was not required to make any finding based upon such evidence." *Kane* v. *Kane*, 120 Conn. 184, 189–90, 180 A. 308 (1935). The trial court improperly awarded damages to the defendants for an item that was never in issue. Therefore, this court must reverse the judgment of the trial court awarding the defendants $1000 in damages for the conversion of their asbestos mask.

## IV

In his final issue raised on appeal, the plaintiff argues that the trial court should have found that the defendants had acted unreasonably in violation of their duty to mitigate their damages. The plaintiff contends that during the last week of July, 1991, when the defendants returned to the premises to retrieve the remainder of their property, there existed a court ordered stipulated judgment that gave the defendants the right to possess and occupy the premises through August 31, 1991. The plaintiff argues that the defendants' right to occupy the property would not terminate without an execution issued by the court. Therefore, the plaintiff concludes, the defendants had a duty to minimize their damages by returning to the property and collecting all of their belongings.

In its memorandum of decision, the trial court found that the defendants personally left the premises on or before August 1, 1991, intended to have their posses-

sions removed on or before that date and were prohibited from doing so by the plaintiff, who wrongfully refused the defendants access to the property. The trial court could reasonably have drawn this conclusion based on testimony by the defendant Mark Sergi and a neighbor of the defendants that the plaintiff told the defendants that he would have them arrested if they ever returned to the property. Despite this finding, the plaintiff now argues that regardless of his improper behavior, the defendants should have ignored the plaintiff's threats and persisted in attempting to retrieve their belongings.

In a breach of contract action, a defendant does have a duty to exercise reasonable conduct to minimize his damages. *Willametz* v. *Goldfeld,* 171 Conn. 622, 627, 370 A.2d 1089 (1976). In this case that is precisely what the defendants attempted to do. They returned to the premises, prior to August 1, 1991, to retrieve the remainder of their property. The trial court reasonably concluded that the defendants were precluded from doing so by the plaintiff. The plaintiff cannot now argue that the defendants made no attempts to minimize their damages. The defendant Mark Sergi was on probation at the time of the confrontation between the parties. It was reasonable for him to conclude, and for the trial court to find, that any insistence on his part in returning to the property would cause further legal complications for him.

The judgment is reversed and the case is remanded with direction to render judgment as on file except as modified to reduce the amount of the award by $1000.

In this opinion the other judges concurred.