[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO MEND REPLY TO SPECIAL DEFENSESAND ANSWER AND SPECIAL DEFENSES TO COUNTERCLAIMS
"The granting or denial of a motion to amend the pleadings is a matter within the trial court's discretion. Baker v. Cordisco,37 Conn. App. 515, 522, 657 A.2d 230 (1995). "In the interest of justice, our courts have generally been most liberal in allowing amendments . . . . Where a sound reason to amend is shown, the trial court must allow the amendment. Refusal under such circumstances constitutes an abuse of discretion . . . . The essential tests are whether the ruling of the court will work an injustice to either [party] and whether the granting of the motion will unduly delay a trial . . . . In the final analysis, the court will allow an amendment unless it will cause an unreasonable delay, mislead the opposing party, take unfair advantage of the opposing party or confuse the issues, or if there has been negligence or laches attaching to the offering party." Moore v. Sergi,38 Conn. App. 829, 835-36, 664 A.2d 795 (1995).
The plaintiff, Chemical Bank, seeks to amend its Reply to Special Defenses and Answer and Special Defenses and Counterclaim. At issue are two additional special defenses to the defendant's counterclaim of ratification and waiver based on tax benefits received by the defendant. The defendant argues that it will delay the trial because it will have to redepose the plaintiff's officers. These special defenses concern the tax consequences of the defendant and it is difficult to see why the plaintiff contends that these special defenses are based on information recently produced through discovery, and that the plaintiff has already obtained the tax documents supporting these defense. This case has been set down for trial on the week of March 18, 1996, which leaves an ample three and one-half months to conclude any further discovery deemed necessary by either party regarding this issue. CT Page 455 Accordingly, the plaintiff's motion amend is granted.
HICKEY, J.