[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS 108, 109, 110, 111
This is a medical malpractice action in which the defendant filed its answer to the plaintiff's amended complaint on October 12, 1995. On November 24, 1995, the plaintiff claimed this action for the civil non-jury trial list. On December 4, 1995, the defendants filed a claim for the jury list. On December 26, 1995, the plaintiff filed a motion to strike the action from the jury list (#108), contending that the claim for the jury list was not timely. On January 2, 1996, the defendants filed a request for leave to file a special defense (#109). On January 2, 1996, the defendants filed a motion for permission to file a late jury claim (#110), and an objection to the plaintiff's motion to strike (#111).
The plaintiff argues that General Statutes § 52-215
provides that the time period for filing a jury claim must be accomplished within ten days following the joinder of an issue of fact and that all issues of fact were joined on October 11, 1995. The plaintiff notes that the defendants' claim for the jury list on December 4, 1995 was beyond the permitted period. The plaintiff therefore seeks that the cases be stricken from CT Page 2412 the jury trial list.
The defendants do not dispute that the claim for the jury list was beyond the ten day period, but claim that this court has discretion to allow the late claim to the jury list, and that this court should exercise its discretion in this case, because the plaintiff does not suffer any prejudice as a result of the late jury claim. The plaintiff disagrees and apparently prefers a court trial and objects to the late filing to the jury list. Since the defendants have not complied with the provisions of Section 52-215, the court will grant the plaintiff's motion to strike this matter from the jury trial list.
The defendants filed their request for leave to file a special defense on January 2, 1992. The defendants claim that based on the plaintiff's testimony, which was completed on November 29, 1995, the defendants discovered that the proposed amended special defense would be helpful to their defense of this action. Practice Book § 176 provides that "a party may amend his pleadings or other parts of the record or proceedings at any time subsequent to that stated in the preceding section . . ." by either an order of court, written consent of the parties, or by filing a request for leave to file such amendment. The charge of the court is to "restrain such amendments so far as may be necessary to compel the parties to join issues in a reasonable time for trial." Practice Book § 176.
"In the interest of justice, our courts have generally been most liberal in allowing amendments. . . . Where a sound reason to amend is shown, the trial court must allow the amendment. Refusal under such circumstances constitutes an abuse of discretion." Moore v. Sergi, 38 Conn. App. 829, 835,664 A.2d 795 (1995). During her deposition, the plaintiff allegedly testified that she did not follow the treatment advice of her physicians. The defendants filed their request for leave to amend based on this testimony. The defendants have submitted a "sound reason" to permit the amendment they are seeking. Therefore, the defendants' request for leave to file a special defense is granted.
Motions 108 and 109 are granted, and motions 110 and 111 are denied.
/s/ Pellegrino, J. PELLEGRINO CT Page 2413