[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON REQUEST TO AMEND
Before the court is the plaintiff, B D Molded Products, Inc.'s, request to amend the complaint, to which the defendant, Vitek Research Corp., has filed an objection. For the reasons set forth below, the court denies the plaintiff's request to amend and sustains the defendant's objection.
A procedural background is helpful for the purposes of the present motion. CT Page 8973
On October 29, 1997, the plaintiff filed the original three-count complaint against the defendant. On March 30, 1998, the complaint was amended, increasing the total of counts in the complaint to five. After the court, Corradino, J., granted a motion to strike all five counts, the plaintiff filed a revised two-count complaint. After one more revision, the plaintiff filed another two-count complaint with causes of action based on breach of lease and trespass.
On February 24, 1999, the defendant filed a motion for summary judgment as to both counts of the complaint. At oral argument on the motion for summary judgment, April 5, 1999, the plaintiff indicated that he was withdrawing the second count of the revised complaint. At this time, however, the plaintiff requested leave to file an amended complaint which contained the original breach of lease count and substituted a new second count seeking reimbursement under General Statutes § 22A-452. After stating that the motion for request to leave the complaint was not before the court, and receiving assurances from the plaintiff's counsel that the first count was not changed in a way that would affect the motion for summary judgment, the court, Corradino, J., heard argument on the matter. On April 21, 1999, the court, Corradino, J., entered a partial summary judgment as to the first count only in favor of the defendant. On April 26, 1999, the plaintiff officially withdrew the second count of the complaint.
The issue before this court concerns the status of the plaintiff's motion to amend filed on the date of oral argument on the motion for summary judgment. The defendant objects to the request for leave to amend on the grounds that the motion to amend is untimely, is impermissible under the doctrine of laches, and is also impermissible under the doctrine of res judicata. The plaintiff, on the other hand, argues that the amendment is not untimely, that the doctrine of laches does not apply and that there was no final judgment and, therefore, there can be no claim for res judicata.
"The grant or denial of a motion to amend the pleadings is a matter within the discretion of the trial court. . . . In the interest of justice, our courts have generally been most liberal in allowing amendments." Moore v. Sergi, 38 Conn. App. 829, 836,664 A.2d 795 (1995). "Where a sound reason to amend is shown, the trial court must allow the amendment. Refusal under such circumstances constitutes an abuse of discretion. . . . The CT Page 8974 essential tests are whether the ruling of the court will work an injustice to either [party] and whether the granting of the motion will unduly delay a trial. . . . In the final analysis, the court will allow an amendment unless it will cause an unreasonable delay, mislead the opposing party, take unfair advantage of the opposing party or confuse the issues, or if there has been negligence or laches attaching to the offering party." Id.
"While a trial court may be well-advised to exercise leniency when amendments are proffered in response to a motion for summary judgment, rather than on the eve of trial, [the Supreme Court has] affirmed as discretionary the denial of permission to amend under such circumstances. . . ." Conference Center Ltd. v. TRC,189 Conn. 212, 216, 455 A.2d 857.
In the present case, the plaintiff has not offered a sound reason why the court should grant leave to amend the complaint when the requested amendment was filed the very morning of argument on the motion for summary judgment. The plaintiff has previously revised and amended his complaint numerous times and has offered no explanation why he has previously failed to join a cause of action based on § 22a-452, the cause of action stated in the proposed amended complaint. Thus, the plaintiff's request for leave is untimely. See Teachers Insurance v. Broad and Hanrahan, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 132304 (September 8, 1994, Hickey, J.); and cases cited therein. The untimeliness of the plaintiff's amended complaint is especially relevant when one considers the fact that the court, Corradino, J., has already issued a decision on the first count of the proposed amended complaint.
In any event, it appears that the request for leave to amend the complaint is barred by the doctrine of res judicata. The doctrine of res judicata provides that a former judgment may serve as an absolute bar to a subsequent action involving claims which were actually made or might have been made in the original cause of action. See Connecticut Water Co. v. Beausoleil,204 Conn. 38, 43, 526 A.2d 1329 (1987). While the doctrine of res judicata ordinarily operates to preclude the relitigation in one action of a claim or issue that has been determined in a previous separate action, res judicata may operate in the same case. CFMof Connecticut, Inc. v. Chowdhury, 239 Conn. 375, 397,685 A.2d 1108 (1996). See also, State v. Aillon, 189 Conn. 416, 425,456 A.2d 279, cert. denied, 464 U.S. 837, 104 S.Ct. 124, 78 L.Ed.2d CT Page 8975 122 (1983) ("a judgment may be final in a res judicata sense as to a part of an action although litigation continues as to the rest. . . . [Citations omitted]")
In the present case, the decision of the court, Corradino, J., concerning the summary judgment on the breach of lease count, was a final judgment as to that count and cannot be litigated again.[1] See DeLaurentis v. New Haven, 220 Conn. 225, 255 n. 15, 597 A.2d 807 (1991); Practice Book § 386, now Practice Book (1998 Rev.) § 17-51. Rather, the question that remains is whether the partial summary judgment was a final judgment that would carry the effects of res judicata which would preclude the introduction of any and all issues that may have previously been raised.
The determining factor in whether a judicial determination is a final judgment for purposes of res judicata is whether it is also a final judgment for purposes of appeal. CFM of Connecticutv. Chowdhury, supra, 239 Conn. 399. While the granting of a motion for summary judgment is a final judgment on the merits for the purposes of res judicata; see Fawcett v. Friel, Superior Court, judicial district of Waterbury, Docket No. 115040, (January 4, 1996, Flynn, J.); a granting of partial summary judgment does not appear to be a final judgment for purposes of an appeal. See Practice Book §§ 4002B 4002C, now Practice Book (1998 Rev.) §§ 61-3 61-4; see also Practice Book § 386, now Practice Book (1998 Rev.) § 17-51. Thus, under the explanation proffered in Chowdhury, a partial summary judgment is not a res judicata claim which excludes all other claims.
In the present case, however, the issue is convoluted by the fact that during oral argument on the motion for summary judgment, the plaintiff stated his intention to withdraw his second count of trespass, and, following the rendering of the court's decision, ultimately did so. Even though the plaintiff technically did not withdraw his second count until after the decision, his abandonment of the second count during argument had the effect of creating an appealable final judgment on both counts within the complaint. See Zamstein v. Marvasti,240 Conn. 549, 557, 992 A.2d 781 (1997) (where plaintiff moved for the court to order judgment for the defendant on previously stricken counts, and announced his intentions to withdraw remaining counts, the appellate court had jurisdiction because the subsequent judgment for the defendants had the effect of an appealable final judgment). Thus, at the moment the plaintiff CT Page 8976 abandoned his second count of trespass, and the court rendered partial summary judgment as to the first count, breach of lease, the judgment, for purposes of res judicata, was final in that the judgment represented the completion of all steps in the adjudication of the then existing claim. See CFM of Connecticut,Inc. v. Chowdhury, supra, 239 Conn. 399.
That a request for leave to amend the complaint was still pending should not change this analysis. As previously noted, a request for leave to amend lies in the sound discretion of the court. Denying the proposed amendment would ultimately have the same effect as if the proposed amendment had never existed. While granting the proposed amendment prior to the summary judgment would have had prolonged an appealable judgment in that the second proposed count, the § 22a-452 action, would have yet to be decided, the combination of the plaintiff abandoning his original second count and the court's judgment for the defendant on the first count, created a procedural anomaly to which res judicata attached. In effect, the pending motion for request to leave became moot in that, in the simplest sense, there was nothing left to amend since all issues before the court had either been decided or withdrawn.
Since the plaintiff has failed to offer a sound reason why the court should grant its untimely motion to amend, and since it appears that the doctrine of res judicata bars any subsequent amendment, the court denies the plaintiff's motion for request for leave to amend the complaint.
FLYNN, J.