# BRIAN WITTMAN *v.* ELLEN KRAFICK
## (AC 21027)

Lavery, C. J., and Schaller and Daly, Js.

Submitted on briefs November 1—officially released December 25, 2001

*Ellen Krafick*, pro se, the appellant (defendant), filed a brief.

*Judith Ellenthal* filed a brief for the appellee (plaintiff).

### Opinion

PER CURIAM. The defendant, Ellen Krafick, appeals from the judgment of the trial court dissolving the parties' marriage. The defendant claims that the court improperly (1) denied the parties one hour for closing arguments, (2) ordered, without evidence, an inequitable distribution of personal property, (3) found both parties at fault for the breakdown of the marriage and (4) abused its discretion in ordering alimony. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the defendant's appeal. The parties were married in November, 1987. A child was born in March, 1997. Thereafter, in November, 1998, the plaintiff, Brian Wittman, commenced the underlying dissolution action. The plaintiff has a high school education. At the time of trial, the plaintiff was employed as creative director for Priceline.com. The defendant has a master's degree in

education, but remained home after giving birth to the child. The court concluded, on the basis of the actions of both parties, that the marriage had broken down irretrievably. The court divided the property and debts of the parties, and ordered the plaintiff to pay $272 per week in child support and $300 per week in alimony to the defendant for a limited time. The parties stipulated as to the custody of and visitation with the child. The court thereafter rendered judgment dissolving the parties' marriage. The defendant appealed.

We decline to review the defendant's claims on appeal. "[F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited. . . . [A]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court. . . . Where the parties cite no law and provide no analysis of their claims, we do not review such claims." (Citations omitted; internal quotation marks omitted.) *Mullen & Mahon, Inc.* v. *Mobilmed Support Services, LLC*, 62 Conn. App. 1, 10, 773 A.2d 952 (2001); *Weinstein* v. *Weinstein*, 18 Conn. App. 622, 627 n.2, 561 A.2d 443 (1989). "Although we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *Strobel* v. *Strobel*, 64 Conn. App. 614, 618, 781 A.2d 356, cert. denied, 258 Conn. 937, 786 A.2d 426 (2001). We cannot reach the merits of the defendant's claims because her

brief is devoid of any legal authority or legal analysis and, therefore, we deem her claims abandoned.

The judgment is affirmed.