# THOMAS TOMASZEK *v.* GIRARD MOTORS, INC., ET AL.
## (AC 21713)

Dranginis, Flynn and Bishop, Js.

Argued February 28—officially released May 28, 2002

*Linda V. Tomaszek,* conservatrix of the plaintiff's person and estate, for the appellant (plaintiff's conservator).

*Jason M. Dodge,* for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Thomas Tomaszek,[1] appeals from the decision of the workers' compensation review board (board) affirming the workers' compensation commissioner's (commissioner) denial of his motion to open the full and final settlement of his workers' compensation claim against the defendants Girard Motors, Inc., and its workers' compensation carrier, Hartford Insurance Group. On appeal, the plaintiff claims that the board improperly affirmed the commissioner's denial of his motion to open the settlement when (1) the commissioner's decision deprived him of

---

[1] The conservatrix of the person and estate of the plaintiff, Linda Tomaszek, filed the present appeal on behalf of the plaintiff. The plaintiff's conservatrix also wrote the brief on the plaintiff's behalf.

his rights under the Americans with Disabilities Act,[2] (2) the plaintiff's rights as set forth in 42 C.F.R. § 21 were violated and (3) insufficient evidence existed to support the commissioner's finding that the plaintiff was competent at the time of entering into the settlement agreement. We affirm the decision of the board.

The commissioner found the following facts. While employed by the named defendant in 1992, the plaintiff filed a workers' compensation claim for injuries to his lungs and neurological system. He claimed that he became disabled as a result of occupational disease and repetitive trauma incurred during the course of his employment. On June 18, 1997, the plaintiff entered into a full and final settlement of his workers' compensation claim with the defendant, which was approved by the commissioner. In the settlement agreement, the plaintiff agreed to receive a lump sum payment of $35,000 in exchange for a full, final and complete settlement of all past, present and future medical claims that he might otherwise have against the defendants.

The plaintiff's conservatrix moved to open the settlement agreement, pursuant to General Statutes § 31-315, on the ground that when the plaintiff entered into the settlement agreement he failed to comprehend the terms of the stipulation. After holding formal hearings, the commissioner concluded that the plaintiff was competent at the time he entered into the settlement agreement and that no substantial change of circumstances, mutual mistake of fact or fraud had occurred. Accordingly, the commissioner denied the motion to open the full and final agreement. The conservatrix subsequently appealed to the board, which affirmed the commissioner's decision. This appeal followed.

We decline to review the plaintiff's claims on appeal. "[F]or this court judiciously and efficiently to consider

---

[2] See generally 42 U.S.C. § 12101 et seq.

claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. We do not reverse the [decision] of [the board] on the basis of challenges . . . that have not been adequately briefed. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited. . . . [A]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court. . . . Where the parties cite no law and provide no analysis of their claims, we do not review such claims." (Internal quotation marks omitted.) *Wittman* v. *Krafick*, 67 Conn. App. 415, 416, 787 A.2d 559 (2001), cert. denied, 260 Conn. 916, 797 A.2d 516 (2002).

"Although we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) Id. In this case, we cannot reach the merits of the plaintiff's claims because his brief is devoid of any legal authority or legal analysis and, therefore, we deem the claims abandoned.

The decision of the workers' compensation review board is affirmed.