## SENCO, INC. *v.* FOX-RICH TEXTILES, INC.
### (AC 22539)

Schaller, Bishop and Hennessy, Js.

Argued December 2, 2002—officially released March 11, 2003

*Bruce G. MacDermid,* for the appellant (defendant).

*Joseph DaSilva, Jr.,* with whom, on the brief, was *Martin A. Rader, Jr.,* for the appellee (plaintiff).

*Opinion*

BISHOP, J. The defendant, Fox-Rich Textiles, Inc., appeals from the judgment of the trial court, rendered in favor of the plaintiff, Senco, Inc., in this action for

breach of contract.[1] On appeal, the defendant claims that the court improperly (1) denied its motion to dismiss, (2) concluded that the controversy between the parties should not have been referred for dispute resolution through arbitration, (3) concluded that the defendant breached its agreement with the plaintiff, (4) concluded that the plaintiff complied with the cure provisions of the Uniform Commercial Code (UCC) and other provisions of the UCC, (5) concluded that the plaintiff was entitled to recover damages even though the plaintiff had failed to conduct itself in accordance with applicable commercial law, (6) disregarded the "Worth Street Rules" as they pertain to textile transactions and (7) awarded interest from January 1, 1997.[2] We affirm the judgment of the trial court.

The following facts are relevant to our resolution of the issue on appeal. The plaintiff placed an order by telephone with the defendant for 1800 yards of sixty-inch wide fabric. Following the telephone conversation,

[1] As well, the plaintiff alleged in its complaint that the defendant was unjustly enriched (count two) and violated the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. (count three). The court found in favor of the defendant as to counts two and three.

[2] In its brief, the defendant addresses only issues two, three and seven, but provides no legal analysis of claim seven. "[W]here a claim is asserted in the statement of issues but thereafter receives [no attention or] only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned." (Internal quotation marks omitted.) *Moulton Bros., Inc.* v. *Lemieux*, 74 Conn. App. 357, 363, 812 A.2d 129 (2002).

Moreover, the defendant concedes in its brief that the court made no "express finding" as to issue three, but the defendant did not seek an articulation of the court's decision as to that issue. "An appellate court cannot find facts or draw conclusions from primary facts found, but may only review such findings to see whether they might be legally, logically and reasonably found. . . . The duty of providing us with a record adequate to review claims, including those of a factual nature, rests with the appellant." (Citation omitted; internal quotation marks omitted.) *Gerber & Hurley, Inc.* v. *CCC Corp.*, 36 Conn. App. 539, 543, 651 A.2d 1302 (1995). Accordingly, we will review only issue two.

on August 20, 1996, the defendant received $2000 as a deposit for the ordered goods. By letter dated August 21, 1996, the defendant confirmed the telephone order placed by the plaintiff and the agreed on terms. The letter described the goods to be shipped and the quantity to be shipped, and included the following terms:

"Deposit to be sent before the goods begin processing, $2,000.00.

"The amount to be paid before shipment is made, $3,000.00.

"Balance of the order approximately $3,000.00 will be billed on net 30 day terms."

On August 30, 1996, the plaintiff received a document from the defendant, entitled "Sales Contract" (document). The document contained, inter alia, an arbitration provision. On September 16, 1996, the plaintiff paid the balance of the telephone order, which was $3000.

The goods ordered by the plaintiff via the telephone conversation were received on or about November 25, 1996. Upon inspection, the plaintiff determined that the goods did not conform to the terms of the contract. Specifically, it received 902 yards of fabric, which was fifty-seven inches wide, as opposed to 1800 yards of fabric, which was to be sixty inches wide. As a result, the plaintiff notified the defendant of the breach and requested a refund of the purchase price of the goods.

After numerous failed attempts to resolve the dispute, the plaintiff brought an action in the Superior Court. The defendant filed a motion to dismiss the action on the ground that the parties had entered into an arbitration agreement, which precluded resorting to litigation. The court denied the motion, and the case was tried to the court. Additional facts will be set forth as necessary.

The defendant claims that the court improperly determined that the arbitration clause contained in the document was not part of the contract entered into by the parties. We disagree.

In addressing the defendant's claim, it is crucial to first determine when the contract between the parties was formed. "The existence of a contract is a question of fact to be determined by the trier on the basis of all the evidence. . . . To form a valid and binding contract in Connecticut, there must be a mutual understanding of the terms that are definite and certain between the parties. . . . To constitute an offer and acceptance sufficient to create an enforceable contract, each must be found to have been based on an identical understanding by the parties. . . . Because the . . . claim involves a finding of fact, we must adhere to the long-standing principle that findings of fact are ordinarily left undisturbed upon judicial review." (Internal quotation marks omitted.) *Lussier* v. *Spinnato*, 69 Conn. App. 136, 140, 794 A.2d 1008, cert. denied, 261 Conn. 910, 806 A.2d 49 (2002). A reviewing court may not "substitute its findings for those of the trier of facts. . . . In a contract action, findings of fact should be overturned only when they are clearly erroneous." (Citation omitted; internal quotation marks omitted.) *Capitol Restorations Corp.* v. *Construction Services of Bristol, Inc.*, 25 Conn. App. 681, 684, 596 A.2d 927 (1991).

The court found that the contract between the parties was formed when the defendant memorialized its oral agreement with the plaintiff in the letter dated August 21, 1996. Specifically, in its oral decision, the court stated that the plaintiff "made out the existence of a contract between the plaintiff as a buyer and the defendant as a seller of goods, in this case, there was an agreement to buy and sell 1800 yards of fabric, which was to be sixty inches wide . . . . [T]he parties had a telephone conversation and they also generated a letter;

the defendant wrote a letter to the plaintiff outlining the terms of the contract."

The defendant concedes that there was a contract, but argues that the document, which contains the arbitration clause, was part of the agreement between the parties because it was created before the goods were shipped. Therefore, the defendant claims that the arbitration clause was a part of the contract between the parties.

On the basis of the evidence before it, the court found that the document, which contains the arbitration clause, was issued after the contract was formed. Consequently, the arbitration clause was not a contract term and therefore did not govern the dispute between the parties. More specifically, the court found that "there was a contract in existence prior [to] the issuance of the [document] . . . and that document specifically references the arbitration rules and the Worth Street Rules, which I find were not part of this contract—which don't govern this contract."

There is ample evidence in the record to support the court's finding. By letter dated August 21, 1996, the defendant confirmed the telephone order placed by the plaintiff and the agreed on terms. The letter identifies the goods to be shipped, the quantity, the price of such goods and the method of payment. The telephone conversation and the subsequent letter evidence a mutual understanding of the terms of the contract between the parties that are definite and certain. The plaintiff received the document, which contains the arbitration clause, on August 30, 1996, nine days after the court determined that the contract was formed. Accordingly, the court's finding of fact was not clearly erroneous as there is evidence in support thereof.

The judgment is affirmed.

In this opinion the other judges concurred.