[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Nature of the Proceedings:
This action was originally brought as two separate actions that prior to the trial were consolidated. There was a jury trial concerning issues of an uninsured motorist and a Courtside trial concerning issues of liability of the defendants Daniel Marshall and Daniel Marshall Jr.
Plaintiff, William Smith, brings this action in a one-count revised complaint wherein he alleges that on or about July 1, 1999, he was the operator of a 1988 Mercury traveling in a northerly direction on Woodend Street at the intersection of Benton Street in the Town of Stratford, Connecticut. At that time and place Daniel Marshall, Jr. a minor was operating a motor vehicle owned by Thrifty Car Rental and leased by his father Daniel Marshall. The plaintiff further alleges that Daniel Marshall Jr. caused or allowed his motor vehicle to strike the driver's side door of the plaintiff's vehicle causing the plaintiff to become injured.
Facts:
This Court makes the following factual findings by a preponderance of the evidence:
On July 1, 1999, the defendant Daniel Marshall was operating a vehicle that he had previously rented from Thrifty Car Rental. While in the area of Woodend Street and Benton Street in the Town of Stratford, the defendant Daniel Marshall decided to give his minor son Daniel Marshall Jr. a driving lesson. The plaintiff William Smith was heading in a northerly direction on Benton Street. When he entered into the intersection of Benton and Woodend, the vehicle being operated by Daniel Marshall Jr. struck the plaintiff's vehicle on the driver's side door. As a result of the impact the plaintiff lost control of his vehicle and the right side of said vehicle struck a utility pole. CT Page 4184
Although the plaintiff struck his head during the accident, at no time did he lose consciousness. Subsequent to the accident the plaintiff has complained of headaches and pain in his neck. Plaintiff testified that the pain in his neck still existed as of the date of the trial and that in order to relieve said pain he has to "crack his neck." The pain also interrupts his sleep because he has to wake up and crack his neck. The pain is exacerbated when the plaintiff does such activities as chopping wood.
In addition to the neck pain and headaches, the plaintiff also testified that he has suffered from some memory loss.
The plaintiff's history indicates that he is a former football player who has injured his neck on several occasions before the accident in question. These injuries were the result of high impact hitting on the football field that would result in him getting "stingers." The plaintiff describes a stinger as a tingling in his arms after taking or giving an especially hard hit from or to another individual on the field.
Discussion:
This Court has thoroughly reviewed the plaintiff's complaint in this matter in order to determine all of the causes of actions alleged in the complaint against the defendants.
Based on the evidence presented at the trial of this matter, the plaintiff has proven by a fair preponderance of the evidence that the proximate cause of this accident was the negligence of Daniel Marshall Jr. in that he violated the provisions of § 14-301 (c) of the Connecticut General Statutes. This Statute provides that:
The driver of a vehicle shall stop in obedience to a stop sign at such clearly marked stop line or lines as may be established by the traffic authority having jurisdiction or, in the absence of such line or lines, shall stop in obedience to a stop sign at the entrance to a through highway and shall yield the right-of-way to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard.
As to the defendant Daniel Marshall, the Complaint in this matter alleges that the defendant Daniel Marshall had leased the vehicle that defendant Daniel Marshall Jr. was driving. There are no further allegations concerning the actions or failures to act on the behalf of the defendant Daniel Marshall. CT Page 4185
At the end of the trial of this matter, this Court addressed its concerns to the parties concerning any possible finding of liability as to the defendant Daniel Marshall and requested that the parties brief the issue. Both plaintiff and defendants submitted post trial briefs in response to the Court's request.
The plaintiff asserts that the defendant Daniel Marshall may be held liable pursuant to the "family car doctrine." This doctrine has been codified as § 52-182 of the Connecticut General Statutes. The statute provides that:
Proof that the operator of a motor vehicle or a motorboat, as defined in section 15-127, was the husband, wife, father, mother, son or daughterof the owner shall raise a presumption that such motor vehicle or motorboat was being operated as a family car or boat within the scope of a general authority from the owner, and shall impose upon the defendant the burden of rebutting such presumption.
(Emphasis added.)
Although the plaintiff now seeks to recover under a theory of the case concerning the family car doctrine, the active complaint in this matter does not allege a cause of action under said doctrine. Furthermore, the plaintiff has not made any motions to amend its complaint in order to conform said pleading to what may have been proven at trial.
The purpose of the complaint is to limit the issues to be decided at the trial of a case and is calculated to prevent surprise . . . It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations in his complaint . . . A plaintiff may not allege one cause of action and recover on another. Facts found but not averred cannot be made the basis for a recovery.
(Citations omitted; internal quotation marks omitted.) Moore v.Sergi, 38 Conn. App. 829, 841-42, 664 A.2d 795 (1995).
Hunte v. Amica Mutual Insurance Co., 68 Conn. App. 534, 545 (2002).
The Court additionally notes that the owner of the vehicle being driven by the defendant Daniel Marshall Jr. was Thrifty Car Rental Car not Daniel Marshall.
 Conclusion:
CT Page 4186
Whereas the plaintiff has failed to sustain his burden of proof as to a cause of action against the defendant Daniel Marshall, the Court enters judgment in favor of the defendant Daniel Marshall.
As to the defendant Daniel Marshall Jr., the Court finds that the plaintiff has met its burden of proof as to the issue of liability and damages against this defendant and enters judgment in favor of the plaintiff and against the defendant Daniel Marshall Jr. as follows:
Economic Damages $5,575.00
Non-Economic Damages $7,075.00
Total Damages $13,075.00
So ordered.
 Richard Allan Robinson, J. March 26, 2003
CT Page 4187