MARK S. URICH *v.* RICHARD FISH
(AC 18334)

Lavery, Landau and Spallone, Js.[1]

---

[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued February 25—officially released June 13, 2000

*Max F. Brunswick,* for the appellant-appellee (plaintiff).

*K. Wynne Bohonnon,* for the appellee-appellant (defendant).

*Opinion*

SPALLONE, J. The plaintiff, Mark S. Urich, sought damages from the defendant, Richard Fish, for the defendant's alleged breach of a contract to purchase a

yacht from the plaintiff. The plaintiff claimed that there remained due a $20,000 balance of the purchase price. The defendant filed a counterclaim alleging that certain equipment was missing from the boat when he took delivery. The trial court rendered judgment for the plaintiff on the complaint and for the defendant on the counterclaim. The plaintiff appeals, claiming that the trial court improperly (1) rendered judgment for the defendant on the counterclaim because the yacht was sold "as is" and the defendant accepted same, (2) allowed hearsay into evidence, (3) placed a hearsay limitation with respect to an exhibit at trial and then considered the exhibit without limitation in reaching its decision, (4) awarded punitive damages in the amount of $7000 and (5) awarded both punitive damages and attorney's fees.

In his cross appeal, the defendant contends that the trial court improperly (1) determined that the contract price for the vessel was $474,000 and (2) refused to allow the defendant to present evidence of attorney's fees and costs on its award of damages to the defendant for the plaintiff's violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. We affirm the judgment on the plaintiff's complaint. We reverse the judgment on the defendant's counterclaim and remand the case for a new trial.

The following facts are relevant to this appeal. In a contract dated February 26, 1993, the plaintiff agreed to sell to the defendant a yacht for $460,000. Subsequently, the price of the yacht was increased to $474,000. The broker who handled the sale, however, inadvertently delivered title to the yacht to the defendant, despite the fact that the defendant's payment was $20,000 less than the agreed upon price.

The plaintiff, thereafter, brought an action to recover from the defendant the balance due on the sale. The

defendant filed a counterclaim, alleging that a number of items that should have been included in the sale of the yacht were missing. The court rendered judgment for the plaintiff in the amount of $20,000, the amount due on the $474,000 sale price. On the counterclaim, the court found that approximately $10,000 worth of items were missing from the yacht when the defendant took delivery and awarded the defendant damages for the missing items. Because of the missing items, the court additionally found that the plaintiff had violated CUTPA and awarded the defendant punitive damages and attorney's fees. Both parties now appeal.

## I

## A

In his first claim, the plaintiff asserts that the court improperly rendered judgment for the defendant on the counterclaim because the vessel was sold "as is" under the contract. The plaintiff relies on paragraph fifteen of the contract, which states as follows: "Information available on the vessel is believed to be correct and the broker offers such information in good faith but does not and cannot guarantee the accuracy of this information. After the provisions contained herein have been complied with and this transaction has been consummated, it is understood and agreed by the buyer that he has accepted the vessel 'as is' and no warranty, either expressed or implied, and no representation as to the condition of said vessel has been made or is binding upon the broker."

The trial court expressly construed paragraph fifteen as having been incorporated in the contract for the benefit of the broker and, as such, it had no applicability as to the terms of the sale between the plaintiff and the defendant. A fair reading of paragraph fifteen supports the court's conclusion that the language therein insulates only the broker from any liability as to the

condition of the yacht. The obligations expressed in the contract between the parties are not affected by this disclaimer of the broker. The plaintiff's first claim is without merit.

## B

The plaintiff's second and third claims involve the court's decision to allow into evidence a listing for the sale of the yacht between the plaintiff and Charles Irwin, a broker, which listing the court used to determine what items were missing from the yacht when the defendant took delivery. First, the plaintiff claims that the listing was hearsay and should not have been admitted into evidence. Second, the plaintiff claims that the manner in which the court admitted the evidence deprived the plaintiff of procedural due process. Without ruling on the underlying admissibility of the evidence, we conclude that the manner .in which the evidence was allowed constituted a violation of the plaintiff's right to due process.

At trial, the court agreed with the plaintiff that the listing was inadmissible hearsay but allowed the listing for the limited purpose of showing what the defendant relied on as to the equipment that was included in the purchase price of the yacht. After the trial and after the filing of briefs by the parties, the court reversed itself and stated that the entire Irwin listing was admissible without limitation. The plaintiff objects to this action of the trial judge as violative of the plaintiff's right to a fair trial. We agree.

The court initially admitted the Irwin listing for the sole purpose of indicating what the defendant had relied on and not for the purpose of showing what the plaintiff represented was on the boat and included in the sale. Relying on the court's ruling, the plaintiff did not address the Irwin listing, nor was it referred to in the plaintiff's brief submitted at the conclusion of the evi-

dence. The plaintiff was not given an opportunity to challenge the court's use of the listing as evidence of what items the plaintiff represented would be on the yacht and included in the sale.

Fundamental tenets of due process require that all persons directly concerned in the result of an adjudication be given reasonable notice and opportunity to present their claims or defenses. *Kron* v. *Thelen*, 178 Conn. 189, 193, 423 A.2d 857 (1979). "It is the settled rule of this jurisdiction, if indeed it may not be safely called an established principle of general jurisprudence, that no court will proceed to the adjudication of a matter involving conflicting rights and interests, until all persons directly concerned in the event have been actually or constructively notified of the pendency of the proceeding, and given reasonable opportunity to appear and be heard." (Internal quotation marks omitted.) *Winick* v. *Winick*, 153 Conn. 294, 298, 216 A.2d 185 (1965). "It is fundamental in proper judicial administration that no matter shall be decided unless the parties have fair notice that it will be presented in sufficient time to prepare themselves upon the issue." (Internal quotation marks omitted.) Id., 298–99.

The plaintiff relied on the ruling of the court. Consequently, any change in the court's ruling without notice deprived him of a fair trial. Accordingly, the judgment for the defendant on the counterclaim is reversed and a new trial is ordered.

C

The plaintiff's fourth and fifth claims are directed to the award of punitive damages and counsel fees after the court found a violation, by the plaintiff, of CUTPA. Because we reverse the court's judgment for the defendant on the counterclaim, we need not address the CUTPA claim. On retrial, if the court finds in favor of the defendant, it should determine whether the transaction

between the plaintiff and defendant falls within the scope of CUTPA.

## II

### A

In his cross appeal, the defendant asserts that the trial court improperly found that the modification of the contract price from $460,000 to $474,000 was supported by adequate consideration. We disagree.

We conclude that the price increase was supported by adequate consideration, namely the addition of a tender, a small motorized dinghy, to the yacht. A review of the record, transcripts and briefs clearly indicates that a tender was not included in the original contract for the sale of the yacht. When the defendant agreed to the increased price to $474,000, however, a tender was included.[2] There was sufficient consideration to support the court's finding that the sales price of the yacht was bilaterally increased to $474,000. See *Thermoglaze, Inc.* v. *Morningside Gardens Co.*, 23 Conn. App. 741, 745–46, 583 A.2d 1331, cert. denied, 217 Conn. 811, 587 A.2d 153 (1991).

### B

As to the second claim, the defendant complains that the trial court acted improperly when it failed to afford him a hearing to determine the correct allotment of attorney's fees and costs. As we indicated in our analysis of the plaintiff's claims, because we are reversing the judgment underlying the award of counsel fees and punitive damages, we need not address the defendant's claim.

On the defendant's cross appeal, the judgment on the plaintiff's complaint is affirmed. On the plaintiff's

---

[2] In fact, the defendant lost the tender at sea and was reimbursed $7000 from an insurance policy.

appeal, the judgment on the defendant's counterclaim is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.