### CECI BROTHERS, INC. *v.* FIVE TWENTY-ONE CORPORATION ET AL.
### (AC 23635)

Foti, Schaller and Dupont, Js.

---

420

Argued September 15, 2003—officially released February 10, 2004

*Leonard A. Fasano*, for the appellant (defendant Five Twenty-One Corporation).

*Eric R. Posmantier*, with whom, on the brief, was *Andrew P. Nemiroff*, for the appellee (plaintiff).

*Opinion*

DUPONT, J. The defendant Five Twenty-One Corporation[1] appeals from the judgment of the trial court

---

[1] As used in this opinion, the term defendant refers only to the corporation. The action originally was brought against Leona M. Helmsley also, as the sole officer of the corporate defendant and as one of its two directors and shareholders. Helmsley used the home, but title was in the name of the corporate defendant, and a corporate representative signed the contract. The attorney trial referee to whom the matter was referred found that no damages were attributable to Helmsley's actions, and she is not involved in this appeal.

awarding damages in the amount of $117,214 for breach of contract for maintenance and gardening at a home owned by the defendant. The defendant makes several claims on appeal, specifically that (1) the discharge of the plaintiff's mechanic's lien, the subject of the only count of the plaintiff's original complaint,[2] was the equivalent of the granting of a motion to dismiss, therefore depriving the court of subject matter jurisdiction over a later amendment to the complaint, (2) the court improperly imposed interest as provided in General Statutes §§ 37-3a and 52-192a, and (3) the plaintiff's April 15, 1996 offer of judgment, made before the amendment to the complaint, at a time when the complaint solely sought to foreclose on a mechanic's lien, was not valid. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the defendant's appeal. The return date of the plaintiff's complaint was February 13, 1996. On or about March 15, 1995, the plaintiff and the defendant entered into a written agreement pursuant to which the plaintiff would provide landscaping services for a house in Greenwich owned by the defendant. The plaintiff and the defendant entered into another subsequent agreement on diverse days between May and July, 1995, for the construction of a visual obstruction, a berm, between the house and adjacent property, and the planting of trees as a visual obstruction. At some point, while performing work pursuant to the second agreement, a rock wall surrounding the defendant's property was knocked down to allow access to the property and was

---

[2] The mechanic's lien was the only subject of the one count original complaint, dated January 18, 1996. The relief sought was foreclosure of the lien, immediate possession of the liened premises, attorney's fees, interest, costs and "[s]uch other legal and equitable relief as the court may deem just and proper." The mechanic's lien was discharged when this court ruled that the services performed by the plaintiff pursuant to the maintenance contract were not lienable under General Statutes § 49-33. See *Ceci Bros., Inc.* v. *Five Twenty-One Corp.*, 51 Conn. App. 773, 724 A.2d 541 (1999).

later rebuilt by the plaintiff. Both the first agreement and the second were the subject of the defendant's counterclaim, which alleged various breaches of contract, numerous torts and negligence of the plaintiff in rebuilding the wall.[3]

After a dispute about the work performed under the landscaping contract, the plaintiff stopped work at the request of the defendant and demanded payment. When the defendant did not pay for the work the plaintiff had done, the plaintiff filed a one count complaint dated January 26, 1996, seeking foreclosure of its mechanic's lien,[4] and filed an offer of judgment on April 15, 1996. On June 24, 1996, the plaintiffs requested leave to amend their complaint to add counts of breach of contract and quantum meruit. The defendant objected to the request to amend on June 28, 1996. The defendant applied for a discharge of the mechanic's lien, which the plaintiff sought to foreclose in the first count of the amended complaint, on July 23, 1996. The court denied the application to discharge on July 16, 1997. That ruling of the trial court was reversed by this court; *Ceci Bros., Inc.* v. *Five Twenty-One Corp.*, 51 Conn. App. 773, 774–75,

---

[3] The plaintiff made no claim to the court that the defendant's counterclaim was improper because it did not arise out of the same transaction as the subject of the plaintiff's complaint, as required by Practice Book § 10-10. The purpose of that section, formerly § 116, is to enhance "judicial economy, [to avoid] multiplicity of litigation, and [to avoid] piecemeal disposition of what is essentially one action . . . ." (Internal quotation marks omitted.) *Conservation Commission* v. *Price*, 193 Conn. 414, 433, 479 A.2d 187 (1984). Whether those purposes are furthered by permitting a counterclaim is a matter of the court's discretion. Id. The transaction test is one of practicality and rests on whether a duplication of judicial effort and resources would result if the subject of the complaint and counterclaim were tried in separate actions. *Wallingford* v. *Glen Valley Associates, Inc.*, 190 Conn. 158, 161, 459 A.2d 525 (1983). Because the two agreements, one alleged in the plaintiff's amended complaint and the other alleged in the defendant's counterclaim, were intertwined, the counterclaim in this case was proper. See *Home Oil Co.* v. *Todd*, 195 Conn. 333, 487 A.2d 1095 (1985).

[4] The mechanic's lien was filed by the plaintiff on November 22, 1995, in the town clerk's office in Greenwich.

724 A.2d 541 (1999); and the case was remanded with direction to the trial court to grant the application to discharge the mechanic's lien. Id., 782.

On July 9, 1999, the defendant filed a motion to dismiss, claiming a lack of subject matter jurisdiction because the July 29, 1996 granting of the request to amend the plaintiff's complaint to add counts was subsequent to the filing of the defendant's application for a discharge of the mechanic's lien on July 23, 1996. The motion to dismiss was denied.

An attorney trial referee (referee) ruled on the remaining counts in the amended complaint, issuing his report on April 11, 2002. He determined that the plaintiff had proved damages in the amount of $44,248 and that the plaintiff was entitled to interest in accordance with § 37-3a.[5] The referee also found that the plaintiff was negligent in its reconstruction of the wall on the premises of the defendant's house and therefore found in favor of the defendant on the counterclaim in the amount of $8700. In confirming the referee's findings, the court awarded interest for the plaintiff pursuant to § 37-3a, starting from the June 24, 1996 date of filing of the amended complaint, in the amount of $22,389. The court also ordered offer of judgment interest pursuant to § 52-192a in the amount of $50,577, with interest, again, running from the date of the filing of the amended complaint, for a total award for the plaintiff of $117,214.

I

The defendant claims that the discharge of the mechanic's lien functioned as if the court had granted a motion to dismiss and that the discharge of the mechanic's lien deprived the court of subject matter jurisdiction over the remaining counts of the complaint.

---

[5] The parties stipulated on May 8, 2002, that the annual interest pursuant to § 37-3a would be 8 percent, which the referee found reasonable.

The defendant does not claim that the plaintiff originally could not have asserted several alternate causes of action based on the same facts as were the basis for the plaintiff's attempt to obtain a mechanic's lien. Rather, the defendant contends that because the request to amend the complaint to add claims for breach of contract and quantum meruit was granted on July 29, 1996, after the defendant had filed an application on July 23, 1996, to discharge the mechanic's lien, the amendment became void when the lien eventually was discharged on June 15, 1999.

"A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Doe* v. *Roe*, 246 Conn. 652, 660, 717 A.2d 706 (1998). While noting this standard of review, we are also aware of judicial policy disfavoring the termination of proceedings without deciding the merits of the dispute. A court should reach the merits of a case when it is possible within the guidelines of available procedural rules. *Haigh* v. *Haigh*, 50 Conn. App. 456, 463, 717 A.2d 837 (1998).

The plaintiff's original complaint sought, as relief, foreclosure of a mechanic's lien, attorney's fees, interest, costs, and such other legal and equitable relief as the court might deem just and proper. The construction of a pleading, here, the original complaint, to determine its scope, is for a court, which is not required to accept the construction proffered by a party. *Home Oil Co.* v. *Todd*, 195 Conn. 333, 340, 487 A.2d 1095 (1985). We do not accept the defendant's characterization of the complaint as limited to the foreclosure of the lien. Given the broad manner in which the original prayer for relief was framed, we conclude that the defendant, therefore,

had notice that the plaintiff also might assert causes of action arising out of the same facts, in addition to the foreclosure of the mechanic's lien.

The plaintiff filed its request to amend on June 24, 1996, which was objected to by the defendant on June 28, 1996. The defendant did not assert a lack of subject matter jurisdiction in connection with the objection. The court granted the request to amend on July 29, 1996, but the amended complaint was date stamped June 24, 1996. The defendant's application to discharge the mechanic's lien was filed on July 23, 1996. Therefore, although the mechanic's lien, which the plaintiff sought to foreclose in the original complaint and in the first count of the amended complaint, was later discharged in February, 1999, by the decision of the Appellate Court and by the trial court on remand on March 10, 1999, as directed by the Appellate Court, the remaining counts by then had long been a part of an existing, operative complaint. After the Appellate Court rendered judgment, there were two operative counts of the complaint remaining to give the trial court subject matter jurisdiction.

We conclude that the court had subject matter jurisdiction to consider the counts of the amended complaint after the discharge of the mechanic's lien.

II

The defendant claims that the court and the referee improperly found the plaintiff to be entitled to § 37-3a interest on the basis of the $44,248 that was awarded to the plaintiff[6] and instead should have subtracted the $8700 that was awarded to the defendant before calcu-

---

[6] General Statutes § 37-3a provides in relevant part that "interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes payable. . . ."

lating the amount of interest due the plaintiff.[7] The defendant also claims that the court should have stayed the imposition of any interest during the pendency of its successful appeal.

"Prejudgment interest pursuant to § 37-3a has been applied to breach of contract claims for liquidated damages, namely, where a party claims that a specified sum under the terms of a contract, or a sum to be determined by the terms of the contract, owed to that party has been detained by another party." *Foley* v. *Huntington Co.*, 42 Conn. App. 712, 740, 682 A.2d 1026, cert. denied, 239 Conn. 931, 683 A.2d 397 (1996). "[T]he determination of whether interest pursuant to § 37-3a should be awarded is a question for the trier of fact." Id., 738. "It is clear that Connecticut case law establishes that prejudgment interest is to be awarded if, in the discretion of the trier of fact, equitable considerations deem that it is warranted." *Paulus* v. *LaSala*, 56 Conn. App. 139, 147, 742 A.2d 379 (1999), cert. denied, 252 Conn. 928, 746 A.2d 789 (2000). Prejudgment interest in accordance with § 37-3a normally is awarded for money wrongfully withheld, and provides for interest on money that is detained after it becomes due and payable. *Fitzpatrick* v. *Scalzi*, 72 Conn. App. 779, 788, 806 A.2d 593 (2002).

The defendant's counterclaim, although related to performance of a contract, essentially was a claim in negligence, and prejudgment interest has been denied in similar circumstances. See *Tang* v. *Bou-Fakhreddine*, 75 Conn. App. 334, 346, 815 A.2d 1276 (2003). Prejudgment interest pursuant to § 37-3a is not warranted in cases for breach of contract in which the damages "are similar to damages in a personal injury

---

[7] In its brief, the defendant claimed that interest in accordance with General Statutes § 52-192a, offer of judgment interest, also should be based on the net award as well. It abandoned that claim as to § 52-192a interest at oral argument.

claim in negligence where a party is seeking to be made whole for the loss caused by another." *Foley* v. *Huntington Co.*, supra, 42 Conn. App. 742. The defendant's counterclaim sounded more in negligence than in breach of contract, as the defendant was seeking to be made whole by the award of damages to repair faults in a rock wall that negligently was caused by the plaintiffs.

To award § 37-3a interest, two components must be present. First, the claim to which the prejudgment interest attaches must be a claim for a liquidated sum of money wrongfully withheld and, second, the trier of fact must find, in its discretion, that equitable considerations warrant the payment of interest. See *Fitzpatrick* v. *Scalzi*, supra, 72 Conn. App. 788.

A

The defendant first claims that interest in accordance with § 37-3a should have been applied to the "net" judgment. The defendant contends that § 37-3a interest should be applied only after subtracting the $8700 that was awarded to the defendant from the $44,248 that was awarded to the plaintiff. The defendant's claim is essentially that the court abused its discretion by deciding that § 37-3a interest was *not* suitable for their counterclaim for negligence. As we have stated, if the defendant's counterclaim, as a matter of law, was not one that would allow § 37-3a interest, we do not reach any question of abuse of discretion.

A counterclaim is an independent action. Practice Book §§ 10-10, 10-54, 10-55; *Union Carbide Corp.* v. *Aetna Casualty & Surety Co.*, 212 Conn. 311, 318, 562 A.2d 15 (1989); *Home Oil Co.* v. *Todd*, supra, 195 Conn. 341. The defendant cites *Grodzicki* v. *Grodzicki*, 154 Conn. 456, 458, 226 A.2d 656 (1967), for the proposition that one award must be set off against another. *Grodzicki* did not discuss the calculation of any interest, however. Neither party has cited relevant precedent as

to whether interest should be awarded on gross or net judgment awards in situations in which the claims arose out of the same contract or concerned mutual debts of opposing parties, or where they did not.

In this case, the defendant's counterclaim did not sound in contract, but was based on negligence, for which no § 37-3a interest can be due. To set off one claim against the other before calculating interest would, in effect, award § 37-3a interest to the defendant when the defendant had not been awarded such interest and was not entitled to such interest.[8]

We conclude that the court, correctly, did not first subtract the defendant's award from the plaintiff's award before calculating the § 37-3a interest due to the plaintiff.

### B

The defendant next claims that interest in accordance with §§ 37-3a and 52-192a should have been stayed during the period of the defendant's successful appeal. We have discussed the analytical framework behind granting § 37-3a interest. We now discuss the same bases for offer of judgment interest awarded pursuant to § 52-192a.[9]

---

[8] If opposing parties both seek interest under § 37-3a on related contractual claims, those claims and interest cannot be set off against each other before interest is calculated unless the court finds that interest should be awarded at the same rate and commencing from the same date for both claims.

[9] General Statutes (Rev. to 1995) § 52-192a provides in relevant part: "(a) After commencement of any civil action based upon contract or seeking the recovery of money damages . . . the plaintiff may . . . file with the clerk of the court a written 'offer of judgment' . . . directed to the defendant . . . offering to settle the claim underlying the action . . . . Within thirty days after being notified of the filing of the 'offer of judgment' and prior to the rendering of . . . an award by the court, the defendant or his attorney may file with the clerk of the court a written 'acceptance of offer of judgment' agreeing to a stipulation for judgment as contained . . . .

"(b) . . . If the court ascertains . . . that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his 'offer of judgment', the court shall add to the amount so recovered twelve per cent

Offer of judgment interest is a tool for the court to use to promote settlements and to ease the burden of an overload of cases on the court. *Kusha* v. *Respondowski*, 3 Conn. App. 570, 574, 490 A.2d 1014 (1985). Its purpose is also to avoid the waste of judicial resources. See id. "The statute is admittedly punitive in nature. . . . It is the punitive aspect of the statute that effectuates the underlying purpose of the statute and provides the impetus to settle cases." (Internal quotation marks omitted.) *Blakeslee Arpaia Chapman, Inc.* v. *EI Constructors, Inc.*, 239 Conn. 708, 752, 687 A.2d 506 (1997).

In *Blakeslee Arpaia Chapman, Inc.*, offer of judgment interest continued to run pending an informal stay while the merits of the case were tried in federal court. Id., 752–53. As in *Blakeslee Arpaia Chapman, Inc.*, had the defendant here chosen to accept the offer of judgment, it would have been shielded from any further liability, including the accrual of interest during its successful appeal to discharge a mechanic's lien. See *Lutynski* v. *B.B. & J. Trucking, Inc.*, 31 Conn. App. 806, 815, 628 A.2d 1 (1993), aff'd, 229 Conn. 525, 642 A.2d 1 (1994). To allow for stays of the accrual of § 52-192a interest, however, due to delays that are not the fault of the parties would defeat the stated purpose of the statute. The delay here was not the "fault" of the defendant. Nevertheless, the defendant did choose a tactical path to determine a procedural question, not an uncommon, unethical or illegal path, but nonetheless a path that resulted in seven years of litigation over unpaid landscaping fees. General Statutes § 52-192a provides for *mandatory* imposition of interest at a set rate, unlike § 37-3a; see *Suarez-Negrete* v. *Trotta*, 47 Conn. App. 517, 522, 705 A.2d 215 (1998); and affords no allowance for the discretion of the court. The court was correct, therefore, in not staying § 52-192a interest

---

annual interest on said amount, computed from the date . . . the complaint in the civil action was filed . . . ."

while the defendant's appeal of the validity of the plaintiff's mechanic's lien was pending.

As discussed, the purpose of § 37-3a is to make a plaintiff whole in certain cases in which the defendant has wrongfully deprived the plaintiff of the use of a liquidated sum of money. That purpose need not be thwarted because the defendant chose to attack the foreclosure of a mechanic's lien. The time spent awaiting the outcome of the appeal, however, could have been considered by the trier of fact in deciding whether to award interest at all or in deciding the date from which interest should begin to run. The determination of a proper commencement date for prejudgment interest is purely a determination reserved for the trier of fact. *Paulus* v. *LaSala*, supra, 56 Conn. App. 149. In this case, the court did not exclude the time that elapsed while the case was on appeal. There was no abuse of discretion committed by failing to do so.

## III

The defendant's final claims relate to the offer of judgment statute. The defendant seeks to avoid offer of judgment interest because it claims that offers of judgment do not apply to actions for the foreclosure of mechanic's liens. The defendant also claims that the plaintiff's offer of judgment was void because the defendant could not accept or reject the offer of judgment within thirty days as required by § 52-192a.[10] Both parties agree that the complaint was amended to include a breach of contract claim *after* the defendant's thirty day statutory window to accept the offer of judgment had passed. The offer of judgment in this case was filed April 15, 1996, the request to amend was dated June 20, 1996, and the granting of the request to amend was

[10] The time to accept or reject offers of judgment under § 52-192a has since been amended by the legislature to allow sixty days. See Public Acts 2001, No. 01-71, § 1.

filed on July 29, 1996. Finally, the defendant claims that the offer of judgment should not apply to the amended complaint at all. We disagree.

Neither the parties nor this court is aware of any Appellate or Supreme Court case that resolves whether offers of judgment apply to mechanic's liens. An offer of judgment, however, covers all claims, known and unknown, certain and uncertain, relating to a transaction between a plaintiff and a defendant. *Blakeslee Arpaia Chapman, Inc.* v. *EI Constructors, Inc.*, supra, 239 Conn. 750.

The purpose of the mechanic's lien was to recover money. See *Murphy* v. *Marmon Group, Inc.*, 562 F. Sup. 856, 858 (D. Conn. 1983) (offer of judgment can apply to declaratory judgment action, purpose of which was to recover money). The plaintiff could not have known at the time it sought foreclosure of its mechanic's lien that the Appellate Court would determine that a mechanic's lien could not be used in cases involving landscaping services. Before this court decided the question, however, the plaintiff successfully had amended its complaint to allege a breach of contract to obtain payment for the same services as were the basis for its mechanic's lien. Thus, we need not decide whether, if the complaint had remained unamended and solely sought the foreclosure of a mechanic's lien, the plaintiff's offer of judgment would have applied.

The defendant next claims that because the offer of judgment was filed before the amended complaint, which contained the count for which damages finally were awarded, the offer of judgment should have been refiled to make it operative.

It is true that parties are allowed to refile an offer of judgment for the same amount as the first offer as many times as they deem necessary prior to the commencement of trial. *Shawhan* v. *Langley*, 249 Conn. 339, 345–

46, 732 A.2d 170 (1999).[11] Although a refiling of an offer of judgment would have been possible here, the plaintiff was under no requirement to refile. See *Lutynski* v. *B.B. & J. Trucking, Inc.*, supra, 31 Conn. App. 815.

As previously stated, an offer of judgment applies to all claims, known and unknown, certain and uncertain. *Blakeslee Arpaia Chapman, Inc.* v. *EI Constructors, Inc.*, supra, 239 Conn. 750. In *Lutynski* and in *Blakeslee Arpaia Chapman, Inc.*, the courts found that amended complaints did not invalidate prior offers of judgment. See id., 750–51. The defendant claims that those cases can be distinguished in that the plaintiffs in *Blakeslee Arpaia Chapman, Inc.*, and in *Lutynski* did not completely change the nature of their claims, but rather amended the claims to reflect new and expanded damages.

In *Lutynski*, the plaintiff had been in a car accident. *Lutynski* v. *B.B. & J. Trucking, Inc.*, supra, 31 Conn. App. 809. The injuries that resulted worsened after the initial complaint was filed, after an offer of judgment was filed and after the thirty day acceptance window had passed. Id. The plaintiff amended the complaint to include the new injuries after the offer of judgment acceptance period had passed. Id., 809–10. On appeal, this court held that the offer of judgment that had been made was still valid, regardless of the plaintiff's subsequently having filed amended complaints, and allowed offer of judgment interest to accrue. Id., 814–16. We see a distinction without a difference in the present case. The plaintiff attempted to recover wrongfully withheld money by employing a statutory lien that

---

[11] In 1982, the legislature deleted language in § 52-192a that specifically allowed multiple offers of judgment for multiple amounts, but left in the language that if such offer was not accepted within thirty days, it shall be deemed rejected unless refiled, thereby allowing a party to refile an offer of judgment for the same amount. See *Shawhan* v. *Langley*, supra, 249 Conn. 345.

turned out to be the improper procedural device. The plaintiff already had amended its complaint to add other causes of action involving the same facts by the time the Appellate Court rendered its judgment ordering that the application to discharge the mechanic's lien be granted on remand. See *Ceci Bros., Inc.* v. *Five Twenty-One Corp.*, supra, 51 Conn. App. 782.

A premature filing of a statutorily permissible request can become viable when the basis for the filing comes to fruition. *Home Oil Co.* v. *Todd*, supra, 195 Conn. 343. In *Home Oil Co.*, the defendant filed a claim for a jury trial at a time when the issue of fact had not yet been joined. Id. The court held that the claim became valid when the issues were joined and that the defendant did not need to file another claim for a jury trial to satisfy General Statutes § 52-215. *Home Oil Co.* v. *Todd*, supra, 343. In the present case, even if it is assumed that the filing of the offer of judgment was premature because the plaintiff's complaint had not yet been amended, the offer of judgment did not become void. We conclude that when the amendment occurred, the offer became valid, and the plaintiff did not need to file another offer of judgment.

The defendant finally claims that the starting date for § 52-192a interest to accrue was improper.[12] In its memorandum of decision, the court decided that the "most equitable and logical" time for offer of judgment interest to accrue would be from the date of the amended complaint, June 24, 1996. The defendant claims that this date is illogical and unfair, given that it would have forced the defendant to accept the offer of judgment prior to the start of the accrual of interest

---

[12] The defendant was not charged interest from January 25, 1996 (initial complaint), to June 24, 1996 (amended complaint). The plaintiffs do not contest a loss of interest over this five month period.

and prior to an effective claim being filed.[13] The court, in its reasoning, equated the amended complaint with the original complaint for purposes of § 52-192a. Pursuant to the reasoning of *Home Oil Co.*, we do not conclude that such an equation was improper. The offer of judgment, as was true of the claim for a jury trial, remained dormant until the amended complaint superseded the original complaint.

We conclude that the court correctly interpreted the language of § 52-192a in this unique case to hold that the amended complaint became the equivalent of the original complaint for purposes of the calculation of interest.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[13] General Statutes § 52-192a, as applicable when the offer of judgment was filed, allowed for a thirty day window for the opposing party to accept the offer. The offer of judgment was filed on April 15, 1996. The defendant then would have had to answer the offer of judgment in mid-May, 1996, before the court determined that offer of judgment interest should begin to accrue.