## MARK H. SWERDLOFF ET AL. *v.* JEFFREY RUBENSTEIN
## (AC 24033)

Flynn, Bishop and McLachlan, Js.

Argued November 18, 2003—officially released February 17, 2004

*Jeffrey Rubenstein,* pro se, the appellant (defendant).

*Mark H. Swerdloff,* pro se, with whom, on the brief, was *Ileen P. Swerdloff,* pro se, the appellees (plaintiffs).

### Opinion

PER CURIAM. This appeal concerns an action for legal fees brought by the plaintiffs, Mark H. Swerdloff and Ileen P. Swerdloff, against the defendant, Jeffrey Rubenstein, their former client. The plaintiffs had been retained by the defendant to represent him in a tort action pursuant to a written fee agreement that pro-

vided, inter alia, that "[i]n the event that [the defendant] choose[s] to terminate this relationship prior to recovery by way of settlement or judgment then the Firm of Swerdloff & Swerdloff will be entitled to fees based upon quantum meruit which means that these fees will be based upon the value of their services. Included in a quantum meruit analysis is an analysis of the experience of the Firm in handling matters of this sort, complexity of the matter, and the time expended by members of the Firm." The plaintiffs' employment was terminated by the defendant prior to the conclusion of the matter for which they were retained, and the plaintiffs brought this lawsuit to recover in quantum meruit for the legal services they performed. The plaintiffs received a judgment from the trial court, in accordance with a fact finder's decision, awarding damages in the amount of $11,000, from which the defendant now appeals. On appeal the defendant claims that the court (1) violated his constitutional rights by granting his then counsel's motion to withdraw without a hearing, (2) abused its discretion in refusing to grant his motion for a continuance to obtain substitute counsel and (3) improperly determined that the defenses he raised to the quantum meruit claim were meritless. We affirm the judgment of the trial court.

The plaintiffs commenced this action on May 8, 2001, and the defendant initially appeared through counsel. The matter was scheduled for trial before a fact finder on October 7, 2002. On August 29, 2002, counsel for the defendant filed a motion to withdraw, which motion complied with Practice Book § 3-10 (b) provisions, and notified the defendant of his right to be heard on the motion and advised him as to how his rights could be exercised. The motion was heard by the court on September 30, 2002, but the defendant neither appeared at the hearing nor interposed an objection to the motion.

. That same day, the court granted the motion, but did not issue a memorandum of decision.

Following the conclusion of the October 7, 2002 fact-finding trial, the fact finder issued a memorandum recommending judgment for the plaintiffs. The defendant filed a pro se appearance and an objection to the decision, which was sustained by the court. A new fact finder's trial was scheduled for December 16, 2002, and the defendant sought a continuance on the ground that he had obtained new counsel. That motion was denied by the court without a memorandum of decision. Although the defendant's purported "new counsel," attorney Michael R. Hasse, filed an affidavit, dated October 21, 2002, in connection with the defendant's objection to the determinations of the first fact finder, he did not file an appearance. The second fact finder's hearing proceeded on December 16, 2002, and a memorandum was filed on December 27, 2002, recommending judgment for the plaintiffs in the amount of $11,000. The defendant objected, which objection was overruled, and the court subsequently rendered judgment in accordance with the findings of fact without issuing a memorandum of decision.

As to the defendant's first claim that the court improperly failed to conduct an evidentiary hearing prior to the granting of his then counsel's motion to withdraw, the court will not review the issue. The defendant neither interposed an objection to that motion to withdraw, nor did he appear to be heard. He instead raises the issue for the first time on appeal. "We have repeatedly held that this court will not consider claimed errors on the part of the trial court unless it appears on the record that the question was distinctly raised at trial and was ruled upon and decided by the court adversely to the appellant's claim." (Internal quotation marks omitted.) *Strouth* v. *Pools by Murphy & Sons, Inc.*, 79 Conn. App. 55, 62, 829 A.2d 102 (2003). The defendant had ample

opportunity to raise his claim in the trial court, but failed to do so and for this court to now consider such claim would "amount to trial by ambuscade, unfair both to the trial court and to the opposing party." (Internal quotation marks omitted.) *State* v. *Westberry*, 68 Conn. App. 622, 628 n.3, 792 A.2d 154, cert. denied, 260 Conn. 923, 797 A.2d 519 (2002). We therefore will not review the claim.

The defendant next claims that the court abused its discretion in refusing to grant him a continuance of the second trial before the fact finder. In this state, a motion for a continuance is addressed to the sound discretion of the court, and its ruling will not be overturned absent a showing of a clear abuse of discretion. See, e.g., *State* v. *Spells*, 76 Conn. App. 67, 75, 818 A.2d 808, cert. denied, 266 Conn. 901, 832 A.2d 67 (2003). In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did. See *Sheppard* v. *Sheppard*, 80 Conn. App. 202, 206, 834 A.2d 730 (2003).

"It is the appellant's burden to provide an adequate record for review. . . . It is, therefore, the responsibility of the appellant to move for an articulation . . . where the trial court has failed to state the basis of a decision . . . [or] to clarify the legal basis of a ruling . . . ." (Internal quotation marks omitted.) Id., 214. In this case, the defendant's motion for a continuance was denied without a memorandum of decision, and the defendant did not request an articulation of the court's reasoning, a procedure provided for by Practice Book § 66-5. Thus, because there is nothing before this court that would permit an analysis of the facts underlying the court's ruling, there is an inadequate basis on which to review the defendant's claim of abuse of discretion.[1]

---

[1] Further supporting our determination as to the inadequacy of the record are the peculiar circumstances surrounding the motion for a continuance. Although the motion was signed by the defendant as a pro se party, it was transmitted to the court by facsimile from the law offices of Hasse and

Last, the defendant claims that the court improperly determined that his defenses to the plaintiffs' quantum meruit claim were without merit. The defendant asserts that the plaintiffs violated the Rules of Professional Conduct in that they (1) failed to prepare adequately for trial, (2) failed to keep him informed of the status of the case and (3) failed to notify him that the quantum meruit provision in the fee agreement incorporated a rate of $250 per hour for legal services.[2] We disagree.

"The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous. . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *MacMillan* v. *Higgins*, 76 Conn. App. 261, 268–69, 822 A.2d 246, cert. denied, 264 Conn. 907, 826 A.2d 177 (2003). With respect to the first two claimed violations of the Rules of Professional Conduct, this court has reviewed the transcript and concludes, on the basis of the conflicting testimony that was offered, that there was sufficient evidence in the record to sustain the court's conclusion that those assertions were without merit. With respect to the claim that a provision imposing the $250 per hour rate was not

Associates, and the record reflects that attorney Hasse was involved in the matter from as early as October, 2002, even though he never filed an appearance. Furthermore, even though both parties have stipulated that the motion was denied by the court, the order itself does not identify the judge who denied it, nor was the motion file stamped or docketed by the court.

[2] It is within the province of the court to consider matters of professional conduct in evaluating the evidence on the issue of damages in a claim for attorney's fees on the basis of quantum meruit. See *Marcus* v. *DuPerry*, 25 Conn. App. 293, 298, 593 A.2d 163 (1991), rev'd in part on other grounds, 223 Conn. 484, 611 A.2d 859 (1992).

expressly set forth in the fee agreement, the agreement is sufficiently clear in setting forth the factors that would be considered under a quantum meruit analysis, and the defendant was free to inquire at the time he signed the retainer as to the hourly rate that would be charged. Furthermore, the court is presumed to know the reasonable value of legal services and may make such a determination. See *Shapero* v. *Mercede*, 262 Conn. 1, 9–10, 808 A.2d 666 (2002).

"It is within the province of the trial court, as the fact finder, to weigh the evidence presented and determine the credibility and effect to be given the evidence. . . . Where testimony is conflicting the trier may choose to believe one version over the other . . . as the probative force of the evidence is for the trier to determine." (Citation omitted; internal quotation marks omitted.) *Briggs* v. *McWeeny*, 260 Conn. 296, 327, 796 A.2d 516 (2002). There is sufficient evidence in the record to support the fact finder's determinations and, thus, those findings are not clearly erroneous.

The judgment is affirmed.