MARK S. URICH *v.* RICHARD FISH
(AC 26125)

Schaller, Harper and Lavine, Js.

Argued April 27—officially released October 3, 2006

*Max F. Brunswick*, for the appellant (plaintiff).

*K. Wynne Bohonnon*, for the appellee (defendant).

*Opinion*

SCHALLER, J. The plaintiff, Mark S. Urich, appeals from the judgment of the trial court, rendered after a trial to the court, in favor of the defendant, Richard Fish, on the defendant's counterclaim. The plaintiff claims that the court improperly awarded the defendant (1) punitive damages and attorney's fees under the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.,[1] and (2) prejudgment interest pursuant to General Statutes § 37-3a.[2] We affirm the judgment of the trial court.

---

[1] General Statutes § 42-110b (a) provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

[2] General Statutes § 37-3a provides in relevant part that "interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes payable. . . ."

The following facts and procedural history are relevant to the plaintiff's appeal. In 1993, the plaintiff sold a yacht to the defendant for the contract price of $474,000. The defendant withheld payment of $20,000, claiming that certain items had been removed from the yacht prior to delivery and that required remedial work had not been completed. In 1994, the plaintiff commenced the present action seeking recovery of the balance of the contract price, damages under CUTPA and prejudgment interest. The defendant filed a counterclaim, alleging, inter alia, that the plaintiff's removal of items that had been included in the contract price constituted an unfair and deceptive practice under CUTPA.

The case was tried before the court, *Hon. Anthony V. DeMayo*, judge trial referee, and a memorandum of decision was issued on March 30, 1998. The court rendered judgment in favor of the plaintiff on the complaint in the amount of $20,000 and for the defendant on the counterclaim in the amount of $10,605.72, together with punitive damages and attorney's fees. Both parties appealed to this court, which affirmed the judgment on the plaintiff's complaint and reversed the judgment on the defendant's counterclaim. The case was remanded for a new trial on certain counts of the counterclaim. *Urich* v. *Fish*, 58 Conn. App. 176, 753 A.2d 372 (2000).

At the conclusion of the retrial, the court, *Blue, J.*, issued a memorandum of decision on November 27, 2000, concluding that the value of items removed from the yacht by the plaintiff totaled $17,025.04. After a supplemental hearing, the court additionally awarded the defendant punitive damages and attorney's fees under CUTPA, and prejudgment interest pursuant to § 37-3a. The court rendered judgment in favor of the defendant on his counterclaim, and the plaintiff appealed from that judgment. Our Supreme Court concluded that the trial court had improperly admitted

certain evidence, reversed the judgment and remanded the case for a new trial. *Urich* v. *Fish*, 261 Conn. 575, 804 A.2d 795 (2002).

A new trial on the defendant's counterclaim was held before the court, *Hon. Frank S. Meadow*, judge trial referee, over the course of ten days in May and June, 2004. In its memorandum of decision issued on November 9, 2004, the court rendered judgment in favor of the defendant and awarded damages for the missing items in the amount of $12,427.41, prejudgment interest pursuant to § 37-3a in the amount of $14,395, punitive damages pursuant to CUTPA in the amount of $20,000 and attorney's fees pursuant to CUTPA in the amount of $25,000. This appeal followed.

I

The plaintiff claims that the court improperly awarded punitive damages and attorney's fees under CUTPA. The plaintiff argues that General Statutes § 42-110g (d) restricts an award of attorney's fees to the plaintiff. The plaintiff further argues that the defendant is not the prevailing party and did not suffer any ascertainable loss, which are statutory prerequisites to the recovery of such damages. Specifically, the plaintiff claims that because its judgment of $20,000, affirmed in *Urich* v. *Fish*, supra, 58 Conn. App. 176, is greater than the defendant's award of $12,427.41, the plaintiff alone was the prevailing party because of its "net" judgment of $7572.59.

Those claims were not raised in the trial court. In the plaintiff's posttrial brief, he claimed that CUTPA damages should not be awarded because the defendant failed to submit any evidence that the plaintiff engaged in "wanton, willful, malicious, intentional or reckless" misconduct. The court addressed that issue in its decision. It did not address the issues raised by the plaintiff on appeal because they were never presented at trial.

"We have repeatedly held that this court will not consider claimed errors on the part of the trial court unless it appears on the record that the question was distinctly raised at trial and was ruled upon and decided by the court adversely to the appellant's claim." (Internal quotation marks omitted.) *Swerdloff* v. *Rubenstein*, 81 Conn. App. 552, 554, 841 A.2d 222 (2004). The plaintiff had ample opportunity to raise his claim in the trial court but failed to do so, and for this court to now consider such claim would amount to trial by ambuscade, unfair both to the trial court and to the opposing party. See id., 554–55. We therefore decline to review those claims.

## II

The plaintiff next claims that the court improperly awarded the defendant prejudgment interest pursuant to § 37-3a. Specifically, the plaintiff argues that because his judgment on the complaint was greater than the defendant's judgment on the counterclaim, the court could not properly conclude that the plaintiff wrongfully detained money owed to the defendant after it became due and payable. See *Northrop* v. *Allstate Ins. Co.*, 247 Conn. 242, 255, 720 A.2d 879 (1998).

The court rendered judgment in favor of the plaintiff on his complaint in the amount of $20,000 in the first trial of this matter, and that judgment was affirmed in *Urich* v. *Fish*, supra, 58 Conn. App. 176. At the time of oral argument, it was undisputed that the defendant had not yet paid the $20,000 to the plaintiff. The plaintiff argues that the defendant's judgment of $12,427.41 must be set off against the plaintiff's judgment of $20,000, thereby leaving the defendant without a recovery on which prejudgment interest could be awarded.

The following additional procedural history is relevant to the resolution of this issue. In the first trial of this matter, the court did not award either party

prejudgment interest. With respect to the plaintiff, after rendering judgment in his favor on the complaint in the amount of $20,000, the court stated: "In view of the fact that this sum has been the subject of attack via the counterclaim, the $20,000 or any part of it does not become 'payable' until the court acts on the defendant's claims. Consequently, no interest will be allowed on any net award in favor of the plaintiff on the complaint." In his appeal from the judgment in favor of the defendant on the counterclaim, the plaintiff did not raise the issue of the court's denial of his request for prejudgment interest. That part of the court's judgment remained undisturbed, and there has been a conclusive determination that the plaintiff is not entitled to prejudgment interest on the amount awarded on his complaint.

Only the second and third counts of the defendant's counterclaim were retried in the second trial of this matter. The court awarded the defendant damages for the missing items from the yacht, punitive damages and attorney's fees. In addition, in its discretion, the court awarded the defendant prejudgment interest pursuant to § 37-3a. The plaintiff appealed, and that judgment also was reversed. *Urich* v. *Fish*, supra, 261 Conn. 575. When the case was tried for the third time, resulting in the judgment that is the subject of this appeal, the court awarded the defendant damages for the missing items, punitive damages, attorney's fees and prejudgment interest pursuant to § 37-3a. The plaintiff has not claimed that the court abused its discretion in awarding prejudgment interest, nor has he challenged the actual amount of the award. Rather, he claims that no such interest can be awarded because the amount of his judgment on the complaint exceeds the amount of the defendant's judgment on the counterclaim.

The plaintiff cites no case law, statute or rule of practice that supports his position. Here, prejudgment interest was awarded on the defendant's counterclaim.

A counterclaim is an independent action. Practice Book §§ 10-10, 10-54, 10-55; *Ceci Bros., Inc.* v. *Five Twenty-One Corp.*, 81 Conn. App. 419, 428, 840 A.2d 578, cert. denied, 268 Conn. 922, 846 A.2d 881 (2004). In its discretion, the court declined to award the plaintiff prejudgment interest on his claims but granted the defendant's request to award prejudgment interest on his claims.[3] The court properly refused to set off the defendant's award against the plaintiff's award. To set off one claim against the other before calculating interest would, in effect, award § 37-3a interest to the plaintiff when the plaintiff had not been awarded such interest and was not entitled to such interest. See id., 429. Accordingly, the plaintiff's claim must fail.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] Moreover, even if the plaintiff claimed that he was entitled to prejudgment interest on his award, he would not prevail on this issue. "If opposing parties both seek interest under [General Statutes] § 37-3a on related contractual claims, those claims and interest cannot be set off against each other before interest is calculated unless the court finds that interest should be awarded at the same rate and commencing from the same date for both claims." *Ceci Bros., Inc.* v. *Five Twenty-One Corp.*, supra, 81 Conn. App. 429 n.8. No such determination was ever made by the court or requested by the plaintiff.